(83 P.3d 1239)

No. 88,50

PATRICIA PONDER-COPPAGE, *Appellee,* v. STATE OF KANSAS and STATE SELF-INSURANCE FUND, *Appellants.*

—

Opinion filed November 27, 2002.

*Jeffrey R. Brewer*, of Powell, Brewer, Gough & Withers, L.L.P., of Wichita, for the appellants.

*Jim Lawing*, of Wichita, for the appellee.

Before KNUDSON, P.J., LEWIS, J., and BUCHELE, S.J.

LEWIS, J.: This appeal was instituted by the State of Kansas and the State Self-Insurance Fund to modify an award made to Patricia Ponder-Coppage.

In August 1994, claimant suffered a work-related accident while employed by the Winfield State Hospital. Her left shoulder, arm, and cervical spine were injured. She returned to the same job in the spring of 1996. An agreed award was filed in July 1996, awarding claimant 20.66 weeks of permanent partial disability at the rate of $252.32 per week based upon a 5% functional impairment rating.

In 1997, claimant's pain increased and she had less mobility, and she was given an accommodated job in June. She accepted a voluntary layoff offered by the State in July 1997 due to the hospital closing in December 1997. She did not later apply for any other jobs.

On October 12, 1998, claimant filed an application for review and modification in which she maintained that her condition had worsened, entitling her to work disability. The administrative law judge (ALJ) denied her motion, and she applied for review with the Kansas Workers Compensation Board (Board).

The Board concluded claimant retained the ability to work but had not presented any evidence of work task loss and had a 46% wage loss after imputing minimum wages, making her work disability 23%. The Board concluded that a reduction in the award from January 1998 through April 1998 would be erroneous for the reason that the Workers Compensation Act (Act), K.S.A. 44-501 *et seq.*, did not provide for any credit or offset of weeks for which no permanent partial disability benefits were paid.

Ultimately, the Board held that under K.S.A. 44-528(d), the effective date of the modification award was April 12, 1998, or 6 months before claimant filed her application; her disability increased on January 1, 1998, the date the hospital closed, and claimant was entitled to 74.39 weeks at $252.32 per week, or $18,770.08, for permanent partial general disability based on a 23% work disability.

There was a dissenting opinion which maintained that claimant was entitled to benefits only for 59.96 weeks of work disability and not for the 14.43 weeks between January 1, 1998, and April 12, 1998. The dissent's rationale was based on the fact that claimant's application was filed in October 1998, more than 6 months after the date her disability increased. It was the position of the dissent that the legislative intent was to limit the effective date of a modification award to 6 months prior to the application.

The State's position is that the effective date of a modification award is the date the claimant's condition increases or decreases and that the modification award cannot award compensation for work disability beyond 56.96 weeks. By doing so, according to the State, claimant is being compensated for 14.43 weeks that occurred more than 6 months before she filed her application. Claimant argues the construction offered by the State makes K.S.A. 44-528(d) a statute of limitations and restricts the amount of compensation for her increased disability. It is claimant's position that this issue is not about the "effective date" of the Board's modification award but about whether she is entitled to receive full compensation for her disability.

We are being asked to interpret K.S.A. 44-510e(a) and K.S.A. 44-528(d). This is a question of law over which we have unlimited review. See *Pruter v. Larned State Hospital*, 271 Kan. 865, 868, 26 P.3d 666 (2001).

Claimant places her reliance on the language of K.S.A. 44-510e(a)(3), which states: "In any case of permanent partial disability under this section, the employee *shall be paid compensation for not to exceed 415 weeks following the date of such injury*, subject to review and modification as provided in K.S.A. 44-528 and amendments thereto." (Emphasis added.)

The effective date of an award is the day after the date noted in the award. K.S.A. 44-525(a). If there is an increase in functional impairment or work disability, the award may be modified by increasing or diminishing the compensation. However, the date for any modification based upon an increase or diminishment in the functional impairment or work disability "shall be effective as of the date that the increase or diminishment actually occurred, ex-

cept that in no event shall the effective date of any such modification *be more than six months prior to the date the application was made for review and modification under this section.*" (Emphasis added.) K.S.A. 44-528(d).

K.S.A. 44-528(d) clearly states that the effective date of a modified award is 6 months before the date that the application for review and modification was filed. In this case, the Board concluded that the effective date of the award was April 12, 1998. We agree with the Board and affirm that decision.

In *Wheeler v. Boeing Co.*, 25 Kan. App. 2d 632, 967 P.2d 1085 (1998), *rev. denied* 266 Kan. 1116 (1999), the claimant received 115.14 weeks of permanent partial disability benefits based on a work disability. Claimant was later given a job at a comparable wage and filed an application for modification. The ALJ concluded that Wheeler was only entitled to compensation based upon a 10.5% functional impairment for 42.58 weeks and concluded he was not entitled to further compensation because he had already been paid for 115.14 weeks at the higher work disability amount. In *Wheeler*, the Board concluded that when the basis of "compensation changes from work disability to functional disability (or vice versa), [the claimant is] entitled to a *minimum* of benefits based upon the lowest disability rating. Moreover, the employer will never be liable for more than the maximum benefits based upon the highest disability rating." 25 Kan. App. 2d at 635.

In *Wheeler*, we said that a claimant is only entitled to one recovery for a work-related accident and that the Board's methodology recognized this concept by giving the employer credit for the permanent partial disability benefits it had paid, whether they were based upon work disability or functional impairment. 25 Kan. App. 2d at 636.

K.S.A. 44-528(d) is not a statute of limitations. It authorizes modification of the award based upon changes in the claimant's condition and entitlement to benefits as set out by the statutes. The effective date language in 44-528 benefits both parties. If the condition is increased or decreased, the extent or duration of a claimant's disability and the employer's liability are redetermined under K.S.A. 44-510e(a). The net result of this is that the em-

ployer's previous payments are deducted from the modified award so that the claimant receives the maximum benefits for the disability and the employer does not overpay for the disability.

K.S.A. 44-510e(a) sets forth the number of weeks that compensation is received but limits that compensation to 415 weeks from the date of the work-related accident. Consequently, even if the effective date of a modified award is 6 months before the application was filed, the modified award only compensates for the remaining unpaid weeks, if any, that are proven but not yet expired. If an employer has paid the maximum amount, the modified award does not offer further payment.

Applying the calculations to claimant's accident on August 23, 1994, made August 16, 2002, the end of the 415 weeks for which she could receive benefits. The maximum number of weeks for which she was entitled to compensation based upon a 23% work disability was 95.05 weeks. The Board found that after deducting the previous payments for 20.66 weeks for permanent partial disability based upon a 5% functional impairment, claimant was entitled to 74.39 weeks at $252.32 per week, or a total of $18,770.08, for her permanent partial general disability based upon a 23% work disability. Because her application for modification was filed in 1998, the remaining 74.39 unpaid weeks occurred before the 415 weeks authorized in K.S.A. 44-510e(a) had expired.

Following the dictates of *Wheeler*, we hold the Board correctly calculated claimant's benefits as authorized under 44-510e(a).

We affirm the decision of the Board. Since claimant has already received benefits in the amount of $5,213.94 for 20.66 weeks of benefits, she is entitled to an additional $18,770.08, which represents the unpaid compensation for 74.39 weeks of benefits.

Affirmed.